UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL F. VALDEZ,

          Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS, et al.,

          Defendants.

Case No. C20-5189-BHS-TLF

ORDER DENYING MOTION FOR COUNSEL AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION

This matter comes before the Court on plaintiff's motion for court-appointed counsel (Dkt. 14) and plaintiff's motion for extension of time to respond to defendants' motion to dismiss (Dkt. 18). Defendants oppose plaintiff's motion for counsel but do not oppose plaintiff's motion for extension of time. Dkts. 16, 19. The Court finds the motion for extension of time should be granted and the motion for court-appointed counsel should be denied without prejudice.

**Motion for Extension of Time**

Plaintiff moves for a thirty (30) day extension of time to respond to defendants' pending motion to dismiss. Dkt. 18. Plaintiff states that due to COVID-19 the prison has limited the number of inmates permitted in the law library at one time to ten and that this has impacted his ability to timely respond to defendants' motion. *Id.* Defendants do not oppose plaintiff's request.

ORDER DENYING MOTION FOR COUNSEL AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION - 1

1  Plaintiff's motion (Dkt. 18) is GRANTED. Plaintiff shall file his response to
2  defendants' motion on or before **August 24, 2020**. Defendants may file a reply on or
3  before **August 28, 2020**. The Clerk is directed to re-note defendants' motion to dismiss
4  to **August 28, 2020**.

## Motion for Counsel

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff states in his motion that he does not have the resources to pay for an attorney. Dkt. 14. The inability to obtain counsel due to cost or lack of availability,

ORDER DENYING MOTION FOR COUNSEL AND
GRANTING PLAINTIFF'S MOTION FOR EXTENSION - 2

however, does not constitute an exceptional circumstance that necessarily requires the appointment of counsel at government expense. This is the type of condition of confinement faced by many inmates who file civil rights complaints. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1998).

Plaintiff also states he has limited knowledge of the law and limited access to the law library, in part due to COVID-19. Dkt. 14. However, plaintiff has not shown these factors, to this point, have prevented him from being able to articulate the factual or legal basis of his claims *pro se*. Rather, plaintiff's legal filings and communications with the Court (including a serviceable complaint) have thus far demonstrated adequate understanding of his case and the legal issues involved as well as sufficient ability to articulate the factual basis of his claim. That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Furthermore, the Court is granting plaintiff an extension of time to respond to defendants' pending motion to dismiss to allow him additional time to research and prepare a response based on his assertions of greater restrictions in accessing the law library due to COVID-19.

Plaintiff asserts that this case is complex but offers no explanation or support for this claim. Furthermore, defendants have moved to dismiss plaintiff's claims as barred by the statute of limitations and for failure to state a claim. Neither the issue of the statute of limitations nor plaintiff's claims, which primarily allege interference by DOC officials in his ability to access the court, appear to involve particularly complex issues of fact or law.

ORDER DENYING MOTION FOR COUNSEL AND
GRANTING PLAINTIFF'S MOTION FOR EXTENSION -
3

In sum, plaintiff has failed to demonstrate exceptional circumstances warranting appointment of counsel. Plaintiff's motion for appointment of counsel (Dkt. 14), therefore, is DENIED without prejudice.

## Conclusion

Plaintiff's motion for extension of time (Dkt. 18) is GRANTED. Plaintiff shall file his response to defendants' motion on or before **August 24, 2020**. Defendants may file a reply on or before **August 28, 2020**. The Clerk is directed to re-note defendants' motion to dismiss to **August 28, 2020**. Plaintiff's motion for appointment of counsel (Dkts. 14) is DENIED without prejudice.

The Clerk shall send a copy of this Order to the parties.

Dated this 24th day of July, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL AND
GRANTING PLAINTIFF'S MOTION FOR EXTENSION -
4