UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMUEL F. VALDEZ,<br><br>                Plaintiff,<br>     v.<br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendants. | Case No. C20-5189-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>August 14, 2020</u> |

Plaintiff proceeds *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Dkt. 5, complaint. Plaintiff's claims relate to alleged interference by Department of Corrections (DOC) employees with his ability to participate in a civil lawsuit in which he was named as a defendant. *Id.* Specifically, he claims he was unable to properly participate in the case because the defendants only allowed him to call in to the proceedings from a dayroom telephone which automatically cut him off after twenty-minutes and that thereafter the proceedings had continued without him. *Id.*

Plaintiff claims that as a result he lost the case and a civil judgment was entered against him. *Id.* He claims defendants' actions violated his rights to due process and access to the court. *Id.* Plaintiff now moves for a preliminary injunction enjoining the Wahkiakum County Sheriff's Department from selling his property to satisfy the civil judgment against him. Dkt. 15. Defendants oppose the motion. Dkt. 17.

REPORT AND RECOMMENDATION - 1

Plaintiff's motion for preliminary injunction should be denied because the Court lacks jurisdiction over the parties whose actions he seeks to restrain. Furthermore, even if the Court had jurisdiction, plaintiff's motion should be denied as he fails to establish he is entitled to a preliminary injunction.

## DISCUSSION

A district court has no authority to grant relief in the form of a temporary restraining order or preliminary injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district...court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)); *Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of personal jurisdiction).

Plaintiff seeks relief based on the conduct of non-defendant Wahkiakum County Sheriff's Department, or employees of that department. The court does not have jurisdiction over this entity or individuals unless he provides facts showing that they are acting "in active concert or participation" with the defendants. Fed. R. Civ. P. 65(d)(2); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Plaintiff has not provided any facts to indicate that this is the case. Because the court lacks jurisdiction over the individuals or entity against whom plaintiff seeks injunctive relief, the motion must be denied. *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties

and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *Garrett v. Macomber*, No. 216CV1336KJMACP, 2019 WL 6271832, at *2 (E.D. Cal. Nov. 25, 2019), *report and recommendation adopted*, No. 216CV1336KJMACP, 2020 WL 230025 (E.D. Cal. Jan. 15, 2020).

Even if petitioner properly presented his request for injunctive relief in this action, he still fails to demonstrate such relief is warranted. To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The mere possibility of future injury is not sufficient to support the issuance of a preliminary injunction. *See id.*, at 22.

Here petitioner has not shown a likelihood of success on the merits. It appears, based upon the briefing currently before the Court, that the petition is likely barred by the statute of limitations. Even if this were not the case, to the extent plaintiff is alleging interference with his participation as a defendant in a civil case unrelated to his conditions of confinement or his criminal case, he likely fails to state a claim under 42 U.S.C. § 1983. *See Lewis v. Casey*, 518 U.S. 343, 356, 116 S. Ct. 2174, 2182, 135 L. Ed. 2d 606 (1996) (stating that the constitutional right of access to the courts is limited to "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts").

Accordingly, the Court should deny petitioner's motion for a preliminary injunction.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find DENY plaintiff's motion seeking a preliminary injunction.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **August 14, 2020**, as noted in the caption.

Dated this 27th day of July, 2020.

Theresa L. Fricke
United States Magistrate Judge