UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMUEL F. VALDEZ,<br><br>                    Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | CASE NO. 3:20-cv-05189-BHS-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Stafford Creek Correction Complex, filed a *pro se* complaint under 42 U.S.C. § 1983 against the Department of Corrections, the State of Washington, Yvette Stubbs (legal liaison) and "Grubbs" (counselor of A pod). Dkt. 5. On June 22, 2020, defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b). Dkt. 12. After being granted extensions to respond, plaintiff filed a response on September 16, 2020, Dkt. 26, and defendants filed a reply on October 7, 2020. Dkt. 28. The Court has considered the pleadings and record and recommends defendants' motion to dismiss be GRANTED and the complaint be DISMISSED with prejudice.

## BACKGROUND

**A.     The Complaint**

REPORT AND RECOMMENDATION - 1

On April 27, 2020, plaintiff filed a complaint alleging his Federal Constitutional rights had been violated. Dkt. 5. In Count I, plaintiff alleges his "right to be free from interference with Court access, was violated by DOC, Yvette Stubbs and Grubbs." *Id.* at 4. In specific, plaintiff alleges he was called to Grubbs' office on "February 27, 2017," and handed a memo drafted by Stubbs that stated inmates will use the day room to make calls for court hearings. Plaintiff alleges the day room phones are timed to shut-off after 20 minutes. *Id.* at 5. Due to the 20 minute time-limit, plaintiff alleges he did not hear the entire ruling the trial court made on a motion to dismiss his civil lawsuit, and that he was prejudiced because the trial judge stated plaintiff was "the problem" and declined to grant plaintiff's motion to be transported so he could be physically present in the Courtroom. *Id.* Plaintiff alleges Stubbs' memo "erected a barrier that unjustly impeded the right of access to incarcerated persons." *Id.*

In Count II, plaintiff alleges trial Judge Douglas Goelz denied him his right to be present at a civil suit trial. *Id.* at 6. This is the same suit in which plaintiff complains his access to the courts was barred on February 27, 2017. Plaintiff claims on February 7, 2017 his civil lawyer moved to withdraw leaving plaintiff unprepared for his civil trial. Plaintiff "unknowingly" asked for a telephonic hearing regarding a motion to dismiss which was held as indicated above in Count I. Plaintiff objected to appearing at trial by telephone and the trial judge denied his motion to be personally present. *Id.* Plaintiff contends he was unable to attend portions of his civil trial due to the 20 minute time limits placed on the day room phones. Plaintiff contends that the judgment entered in his civil case violated his due process rights under the Seventh and Fourteenth Amendments. *Id.* at 7.

As relief, plaintiff asks "the court for financial losses and damages." *Id.* at 10.

**B.      Defendants' Motion to Dismiss**

REPORT AND RECOMMENDATION - 2

1    On June 22, 2020, defendants moved to dismiss the complaint under Fed. R. Civ. P.
2 12(b)(6). Dkt. 12. Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state
3 a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule
4 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to
5 support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
6 Cir.1990).

7    To sufficiently state a claim to relief and survive a Rule 12(b) (6) motion, a complaint
8 "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise
9 a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
10 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires
11 more than labels and conclusions, and a formulaic recitation of the elements of a cause of action
12 will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

13   "Generally, the scope of review on a motion to dismiss for failure to state a claim is
14 limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).
15 However, the Court may utilize "attached exhibits, documents incorporated by reference, and
16 matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051
17 (9th Cir. 2014).

18   In the 12(b) motion, defendants contend this case involves plaintiffs' claim the
19 Department of Corrections, Legal Liaison Stubbs and Counselor Grubb violated his legal access
20 rights by requiring plaintiff to use the inmate day room telephone to attend his civil trial in
21 Wahkiakum County case, *Herbert et al. v. Valdez et al.*, 16-2- 00015-0, and that this violation
22 resulted in the denial of his motion to dismiss on February 27, 2017. *Id.* at 3.

23

1   Defendants argue the Court should grant the motion to dismiss under rule 12(b) because:
2   (1) the Department of Corrections is not a party who can be sued in a civil rights lawsuit; (2) the
3   complaint was filed outside the statute of limitations and should be dismissed as untimely; and
4   (3) the complaint fails to state a viable claim.  The Court recommends this case be dismissed
5   based upon the first two arguments. Because the first two arguments are dispositive and support
6   dismissal, the Court need not address the last argument if the recommendation to dismiss with
7   prejudice is adopted.

## DISCUSSION

### A. Washington Department of Corrections

Washington State Department of Corrections (DOC) is not a proper party to this case. Under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent. *Pennhurst St. Sch. & Hosp*. 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Moreover, to the extent plaintiff' brings § 1983 claims against the State, such claims are improper because the State of Washington is not a "person" within the meaning of § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a State or State agency). Neither is the Washington Department of Corrections a person within the meaning of § 1983. *Id.* Plaintiff concedes DOC should be dismissed. Dkt. 26 at 4. Accordingly, the Court recommends plaintiff's claims against Washington State or the Washington Department of Corrections be dismissed with prejudice.

### B. Statute of Limitations

Plaintiff's § 1983 complaint is barred by the statute of limitations. Because § 1983 contains no statute of limitations, federal courts apply the applicable state statute of limitations

REPORT AND RECOMMENDATION - 4

for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Here, the complaint alleges defendants violated plaintiff's right to access the state courts on or about February 27 2017 when plaintiff used the phone in the day room that due to a 20 minute time limit prevented him from hearing the entirety of the state court's ruling in plaintiff's civil case. In his response to defendants' motion to dismiss, plaintiff confirms that he is alleging his right to access the state court was violated on February 27, 2017. Dkt. 26 at 2-3. Plaintiff further alleges that the civil case against him did not terminate in February 2017 but resulted in a judgment against him for 2.9 million dollars. Plaintiff appealed the judgment and the Court of Appeals did not terminate the matter until April 19, 2019. *Id. at 3*.

Plaintiff contends that since he appealed the judgment in the civil case at issue, the claim he presents to this Court—that his right of court access was violated on February 27, 2017—did not arise or accrue until the appeal in his civil case was terminated in 2019. He reasons that he therefore filed the present civil rights complaint within the three years statute of limitations. *Id. at 4*.

REPORT AND RECOMMENDATION - 5

1	Contrary to plaintiff's contention about when his present civil rights claims arose or
2	accrued, the record establishes his claim is based upon limited phone access to a court hearing on
3	February 27, 2017. Plaintiff's focus on the consequences of that limitation, i.e. affirmance of a
4	judgment against him by the court of appeals in 2019 does not determine when his federal claim
5	accrued. As noted above, the Court focuses on the time period in which the complained of acts
6	occurred, not on the time period in which the consequences of the acts arise. *See Abramson v.*
7	*Univ. of Hawaii*, 594 F.2d at 209; *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045,
8	1058-59 (9th Cir. 2002) (claim accrues when the "operative decision" is made, not when the
9	"inevitable consequences" result); *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001) ("mere
10	continuing impact from past violations is not actionable").(emphasis in original).

11	Here, plaintiff knew about the facts underlying his complaint on February 27, 2017 when
12	the phone access he now complains of arose. He signed the complaint in this case on March 2,
13	2020 and submitted it to the Court on the same date. He knew about the facts underlying the
14	complaint and also knew in 2019 that the state court of appeals finalized the judgment against
15	him. He thus could have filed the present complaint by February 27, 2020 but failed to do so.
16	Because the record established the complaint was filed outside the three-year statute of
17	limitations, the Court recommends it be dismissed with prejudice as dismissed as untimely.

18	**C.	Judge Douglas Goelz**
19	The Court notes plaintiff also alleges Judge Goelz's rulings in February 2017 violated his
20	rights. The Court should dismiss these allegations because as noted above, these rulings occurred
21	outside the statute of limitations and are thus untimely.
22	Additionally, Judge Goelz is entitled to absolute judicial immunity for acts performed
23	within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*,

435 U.S. 349, 98 S.Ct. 1099 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27(1985).

Here, plaintiff's claims against Judge Goelz are based upon the judge's rulings in plaintiff's civil cases. As such, Judges Goelz is entitled to absolute immunity and the allegations against him should be dismissed with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Plaintiff shall therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **NOVEMBER 20, 2020.** The Clerk should note the matter for **NOVEMBER 20, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

REPORT AND RECOMMENDATION - 7

DATED this 6th day of November, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 8