1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL F. VALDEZ,

        Plaintiff,

  v.

DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

CASE NO. C20-5189 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge Tsuchida's Report and Recommendation ("R&R"), Dkt. 30, recommending that the Court grant Defendants' Motion to Dismiss, Dkt. 12, and dismiss this matter with prejudice, and on pro se Plaintiff Samuel Valdez's Motion for Leave to File an Amended Complaint, Dkt. 55.

Valdez is incarcerated at Stafford Creek Correctional Center. He asserts that he has discovered that his operative complaint has "mistakes" and that no one will be prejudiced if he amends it to correct those mistakes. *Id*.

The Court does not agree. First, the R&R has been pending since November 2020. Valdez has sought and obtained at least seven extensions of time to properly object to the

ORDER - 1

Magistrate Judge's recommended dismissal of his claims. *See* Dkt. 54. The Court most recently ordered Valdez to file any objections by June 1, 2022, noting that it would be Valdez's final extension. *Id.* at 3. He has not done so. Permitting amendment now would be prejudicial to the defendants, who have been waiting for Valdez's objections to the R&R for more than a year and half.

Second, the proposed amended complaint does not alter the conclusions in the R&R, including that Valdez's 42 U.S.C. § 1983 claims are barred by the applicable three-year limitations period. Dkt. 30 at 6. Amendment would also be futile, and it comes too late in this case. Valdez's Motion for Leave to Amend, Dkt. 55, is therefore DENIED.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Objections to an R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases).

The R&R recommends granting the defendants' Motion to Dismiss and dismissing Valdez's operative complaint and all his claims with prejudice. Dkt. 30. First, it concludes (and Valdez agrees) that the Department of Corrections is not a person for

1  purposes of 42 U.S.C. § 1983. Dkt. 30 at 4. The R&R concludes that Valdez's § 1983

2  claims are barred by the three-year limitations period. *Id*. at 5. Finally, the R&R

3  recommends dismissal with prejudice of Valdez's claims against Judge Douglas Goelz,

4  both because they are untimely and because Judge Goelz is entitled to absolute judicial

5  immunity for acts performed in his judicial capacity. *Id*. at 6.

6      Valdez has not objected. The R&R is therefore **ADOPTED**. Defendants' Motion

7  to Dismiss, Dkt. 12, is **GRANTED**, and all of Valdez's claims against all defendants are

8  **DISMISSED with prejudice** and without leave to amend.

9      The clerk shall issue a judgment and close the case.

10     IT IS SO ORDERED.

11     Dated this 16th day of June, 2022.

                           BENJAMIN H. SETTLE
                           United States District Judge